### Matilda More v. John More and William More.

1. WILLS—*Absence of the Attesting Clause Does Not Invalidate.*— The absence of a formal attesting clause to a will does not invalidate it, if in fact it was signed by the testator or acknowledged by him as his will in the presence of witnesses who, in his presence, attested it by signing their names as witnesses thereto.

2. SAME—*Probate Where the Witnesses are Dead.*—Where an instrument purports to be the last will and testament of the party whose name is signed to it, and is witnessed by persons who are shown to be dead, it is only necessary for the person producing it to make the proof required by section six of the statute of wills, to be entitled, *prima facie*, to an order admitting the instrument to probate.

**Probate of Will.**—Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded, with directions. Opinion filed December 7, 1900.

JOHN FULLER, attorney for appellant.

O. E. HARRIS and E. B. MITCHELL, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On the 15th day of October, 1898, appellant, Matilda More, filed with the clerk of the County Court of DeWitt County, her petition to that court in which she stated that George More, who was at the time of his death a resident of that county, departed this life at his late residence in Wilson township in that county, on or about September 27, 1898, leaving a last will and testament duly signed, published and attested, as believed by the petitioner, and which she herewith presents to the court for probate; that said will is subscribed by William Fuller and James A. Wilson as witnesses to the execution thereof; that in said will, the testator nominated and appointed the petitioner executrix thereof, and she is ready and willing to accept and undertake that office and trust; that George More died seized and possessed of real estate valued at about $12,000, and of personal property estimated to be worth about —— thousand dollars; that said deceased left surviving him the petitioner, his widow, who resides in said county, John More and William More, his brothers, and the following named children of his deceased sister, Nancy White, viz., John White, Riter White, William White, Perry L. Hickman, Fannie Clavier, Elizabeth Pelham and Ellen Hickman, his only heirs at law, and states the place of residence of each of said heirs at law except Elizabeth

Pelham, and that the place of her residence is unknown; and further states that in consideration whereof, and to the end that said will may be proved, established and performed, the petitioner prays that the subscribing witnesses aforesaid may be summoned to be and appear before this court at the next December term thereof, then and there to testify in the matter of said will as the court may direct, and that probate of said will may be thereupon granted, and the same ordered for record; and that the court will grant the petitioner letters testamentary of said will upon her taking the oath prescribed by the statute. The petition was signed by appellant, with her affidavit attached, in which she states that the facts averred in the petition are true according to the best of her knowledge, information and belief.

Attached to, and filed with the petition, was the following writing referred to in the petition as the will of George More, deceased, viz.:

" In the name of God, Amen. I, George More, of the county of DeWitt, in the State of Illinois, of the age of fifty-four years, being of sound mind and memory and understanding, but considering the uncertainty of this transitory life, do make and publish this my last will and testament, in manner and form following, to wit :

First :   It is my will, and I do order, that all my just debts and funeral expenses be duly paid and satisfied as soon as conveniently can be after my decease.

Second :   I give and bequeath all the residue of my property, both real and personal, of whatsoever kind, name or nature, to my beloved wife, Matilda More, during her natural life, with all the rents, issues and profits thereof, with the right to sell and convey any portion thereof if it at any time becomes necessary for her support.

Third :   It is my will, and I do hereby order, that whatever may remain of my property, whether real or personal, after the death of my said wife, vest absolutely and forever in Ellen Hickman and the heirs of her body.

Fourth :   It is my will, and I hereby direct, that the said Ellen Hickman give my said wife a decent burial and pay all the funeral expenses of my said wife out of the property that may go to her of my estate after the death of my said wife.

And lastly, I nominate, constitute, and appoint my said wife, Matilda More, to be the executrix of this my last will, hereby revoking all other wills by me made and declaring this, and no other to be my last will and testament; and further, that my wife have the right to letters of executrix without giving bond.

In witness whereof I have hereunto set my hand and seal this 17th day of June, A. D. 1881.

GEORGE MORE.   (L. S.)
Witnesseth :    Wm. Fuller, of Clinton, Illinois.
                James A. Wilson, Clinton, Illinois."

On December 5, 1898, appellees John More and William More, two of said heirs at law of the deceased, filed in said County Court their written objections to said will being admitted to probate for the reasons stated as follows :

" First, the said instrument does not bear the certificate of subscribing witnesses as required by law.

Second, that at the date of said instrument the said deceased was of unsound mind and memory, and incapacitated from making a will, and for other and further reasons appearing on the face of said written instrument."

After a hearing in the County Court, it entered an order admitting the writing to probate and record as the will of George More, deceased, and granting letters testamentary thereon to appellee upon her taking oath prescribed by statute.    From that order, appellees prosecuted an appeal to the Circuit Court of DeWitt County, where the proceeding was again heard and resulted in that court entering an order refusing to admit the will to probate and record.

Appellant brings the proceeding to this court by appeal, and urges a reversal of the order therein made by the Circuit Court on the ground, among others, that it is contrary to the evidence.

The evidence in the bill of exceptions in the record shows that George More died on or about September 27, 1898; and that William Fuller and James A. Wilson, whose names appear after the word " witnesses," at the left hand bottom corner of the writing in question, both died before George More, but after the date mentioned in the writing as the date it was executed; that said Fuller was at the time

a practicing lawyer residing in the city of Clinton, De-Witt county, Illinois; that all of said writing is in his handwriting, except the signature of George More thereto, which is in the handwriting of said George More; and excepting also, the name "James A. Wilson" written thereto, and the words "Clinton, Illinois," following it, is in the handwriting of said James A. Wilson, who was several times treasurer of De Witt county, Illinois. The handwriting was also put in evidence, and no other evidence was offered or heard.

Counsel for appellees contend that in the absence of any attesting clause signed by the subscribing witnesses to the writing, and without any evidence being offered by appellant that the writing was signed or acknowledged by George More as his will, in the presence of those witnesses, who at his request and in his presence, signed their names thereto as attesting witnesses, the Circuit Court properly entered an order refusing to admit the writing to probate and record as the will of George More, deceased.

And counsel for appellant insists that it having been shown that the subscribing witnesses to the will were dead before the date of the death of George More, under the express provisions of section six of our statute of wills, the evidence entitled appellant to an order of the Circuit Court admitting the writing to probate and record as the last will and testament of George More, deceased, and granting appellant letters testamentary thereon, upon her taking the oath prescribed by statute.

The absence of a formal attesting clause to the writing signed by the witnesses William Fuller and James A. Wilson, does not invalidate the writing as the will of George More, deceased, if in fact he signed it or acknowledged it as his will in the presence of those witnesses, who in his presence, attested it by signing their names after the word "Witnesses." Robinson v. Brewster, 140 Ill. 649; 1 Redfield on Wills, 4th Ed., p. 232, Sec. 6 and note 14; and Ela and others, Executors, v. Edwards, 16 Gray (Mass.), 91.

The writing on its face, when produced, being in form

and recital the last will and testament of George More, whose name was signed to it, and it being witnessed by William Fuller and James A. Wilson, all of whom were shown to be dead, it was then only necessary that appellant should make such proof and offer such evidence as is required by the terms of section six of the statute of wills, to entitle her *prima facie* to an order of the Circuit Court as prayed for in her petition.

That section is as follows:

"In all cases where any one or more of the witnesses of the will, testament or codicil, as aforesaid, shall die, be insane, or remove to parts unknown to the parties concerned so that his or her testimony can not be procured, it shall be lawful for the County Court or other court having jurisdiction of the subject matter, to admit proof of the handwriting of any such deceased, insane or absent witness, as aforesaid, and such other secondary evidence as is admissible in courts of justice, to establish written contracts generally in similar cases; and may thereupon proceed to record the same, as though such will, testament or codicil had been proved by such subscribing witnesses, in his, her, or their proper persons."

And the "proof of the handwriting of such deceased witness, as aforesaid," within the meaning of that much of said section was satisfied in this case where both of the subscribing witnesses were dead, when appellant showed that the names, "Wm. Fuller" and "James A. Wilson," were in the handwriting, respectively, of the deceased witnesses to the writing; "and such other secondary evidence as is admissible in courts of justice to establish written contracts generally in similar cases," within the meaning of that language of that section was satisfied in this case when appellant showed that the name "George More," signed to the writing, was in the handwriting of George More, the deceased testator, as that proof would be sufficient evidence to establish in a court of justice, a written contract conveying property similar to this will, where the maker was dead and it was necessary to prove he executed it.

And there being no evidence of any fraud or undue influence having been practiced upon the testator or the attest-

ing witnesses, it will be presumed from all the facts shown by this evidence (and the further fact that the writing was produced by the surviving widow of the testator a short time after his death) that the testator executed it in the presence of the attesting witnesses, who, at his request, and in his presence, signed it as subscribing witnesses. Ela and others, Executors, v. Edwards, 16 Gray (Mass.), 91; and Nickerson v. Nuck, 12 Cushing (Mass.), 32.

We are of opinion, therefore, that the evidence established the writing as the last will and testament of George More, deceased, and that the Circuit Court committed reversible error by refusing to admit it to probate and record as such. For which error we will reverse that order and remand this proceeding to that court with directions to enter an order therein admitting said writing to probate and record as the last will and testament of George More, deceased, and granting appellant letters testamentary thereon upon her taking the oath prescribed by the statute.

Reversed and remanded, with directions.